IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| RONALD LEE MILLER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL No. 2:20-CV-067-Z |
| | § | (CRIMINAL No. 2:17-CR-015-D-1) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

# MEMORANDUM OPINION AND ORDER DENYING
# MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

This matter comes before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, submitted to the prison mail system for filing on March 9, 2020 (ECF No. 2 at 12) ("Motion"). The Respondent filed a Response to the Motion. ECF No. 12. Petitioner filed a Reply. ECF No. 13. In January of 2023, Petitioner filed an Addendum to the Motion. ECF No. 18. By the Addendum, Petitioner argues that the government cannot show he possessed a gun as a part of this crime and argues new case law supports his previous grounds of relief. *See id.* The Court construes this filing as a motion to supplement his original pleadings. For the reasons set forth below, the Motion to Vacate is **DENIED**.

### BACKGROUND

Petitioner moves to set aside his conviction and sentence. On May 31, 2017, Petitioner pleaded guilty to one count in a superseding information of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). *See* CR ECF No. 50 at 1–2 (Plea Agreement).[1] Petitioner was sentenced to 210 months in prison and a supervised release term of three

---

[1] Record citations to Petitioner's underlying criminal case, *United States v. Miller*, 2:17-CR-015-D-BR-1 shall be to "CR ECF No." throughout this Opinion.

years. CR ECF No. 85 at 2 (Judgment). Petitioner filed an appeal, and the Fifth Circuit found the appeal frivolous after an *Anders* brief was filed. *See* ECF Nos. 87, 102–03.

### LEGAL STANDARD

"Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (internal marks omitted). "[A] defendant is limited to alleging errors of a constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (internal marks omitted). When alleging issues of jurisdictional or constitutional magnitude for the first time in a Section 2255 Motion, a petitioner must show cause for his procedural default in not raising the issue on direct appeal and actual prejudice suffered as a result of the error. *Samuels*, 59 F.3d at 528; *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

### ANALYSIS

Petitioner raises four grounds for relief. First Petitioner alleges that procedural error occurred during his sentencing because a sentencing enhancement applied to his case "broke" the plea agreement made with the government. *See* ECF No. 2 at 8; ECF Nos. 13, 18. His second ground, is that the sentencing enhancement is not factually supported because he did not have constructive possession of the weapon because the car where the drugs were found was rented and the weapon was not his. ECF No. 2 at 8. Third, Petitioner asserts that the PSR was incorrectly calculated by adding two-levels to his base offense level for the weapons enhancement. *See id.* Thus, grounds one through three all challenge the two-level sentencing enhancement. The fourth ground is an ineffective assistance of counsel claim against trial counsel for failure to file motions requested by Petitioner. *See id.*

Petitioner first challenges the two-level enhancement contained in the PSR for possession of a dangerous-weapon during a drug crime under USSG § 2D1.1(b)(1). CR ECF No. 71-1 at 6. On August 24, 2017, Petitioner, through counsel, filed objections to the PSR but did not challenge the application of the two-level enhancement or challenge the guideline calculations. CR ECF No. 77 at 1–2. When given the opportunity at the sentencing hearing to make any additional objections, Petitioner again did not challenge the two-level weapons enhancement. CR ECF No. 96 at 5–6. When given the chance to speak at his sentencing hearing, knowing the application of the guideline range and the two-level enhancement, Petitioner thanked the government and his counsel for "being fair" and said he "took full responsibility for everything I'd done in this crime." *Id.* at 8. Once again, Petitioner did not challenge the sentencing enhancement. *See id.* Petitioner's claims are fully waived by his plea agreement and nothing in the record supports that the AUSA, the probation officer, his attorney, or the district court violated the terms of his plea agreement through the application of the two-level enhancement. Simply put, Petitioner was not happy with the length of his sentence, and he now seeks to reduce his sentencing guideline range in an attempt to reduce his sentencing exposure. Petitioner's claims are waived by his plea agreement. *See United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002).

Even if a two-level weapons enhancement was not warranted, misapplications of the sentencing guidelines are not cognizable in Section 2255 motions because they do not raise constitutional claims or demonstrate a serious miscarriage of justice. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Furthermore, the Fifth Circuit found his appeal to be frivolous. Petitioner's grounds one through three are noncognizable on collateral review and are **DENIED**.

Petitioner's fourth and final ground asserts ineffective assistance of trial counsel for the failure to file motions requested by the Petitioner. ECF No. 2 at 8. Ineffective assistance of counsel claims are constitutional claims recognized under Section 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Such claims require the prisoner to prove that his attorney's performance was constitutionally

deficient and that he suffered actual prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Supreme Court has repeatedly "made clear that the purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation" but to "ensure that criminal defendants receive a fair trial." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). Accordingly, "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct *so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* (emphasis in original).

To prove prejudice, a defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. This showing "requires a substantial, not just conceivable, likelihood of a different result." *Cullen*, 563 U.S. at 189 (internal marks omitted).

Simply making "conclusory allegations" of deficient performance and prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). "Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The claim fails if the prisoner does not satisfy either the deficient-performance or prejudice prong. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). The reviewing court need not address both components if there is an insufficient showing on one. *Id.*

Here, Petitioner asserts through various filings and statements that counsel should have filed an objection to the sentencing guideline calculations and to the PSR enhancement paragraphs. But it is clear from the record and his statements at sentencing that the only objections Petitioner requested concerned his criminal history, not the weapons enhancement. *See* CR ECF No. 96. Additionally, despite numerous filings, Petitioner has still failed to show that such objections should have been sustained. His own statements in open court took full responsibility for the crime and no challenge was made concerning any fact of the case. Thus, Petitioner has failed to articulate any deficient

4

performance *or* prejudice through a failure to file objections to the PSR. Thus, Petitioner's claims regarding ineffective assistance of counsel are **DENIED** as meritless.

CONCLUSION

Petitioner's motion to supplement his claims (ECF No. 18) is granted, and the Court considered his additional arguments in support of his grounds for relief by this Order. However, for the reasons set forth above, the Motion is **DENIED**.

**SO ORDERED.**

March ___, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE